## Isenberger v. Schumann

*Edward S. Sheinberg* and *Herbert G. Sheinburg*, for plaintiff.

*Kane D. Enzian*, for defendants.

LEGNARD, J., January 31, 1964.—An appeal has been taken by defendants to the Supreme Court of Pennsylvania from the action of the lower court in the within matter. In accordance with Rule 63 of the Rules of the Supreme Court, this court has prepared the following opinion in support of its action:

Plaintiffs instituted suit in assumpsit against defendants, mortgage brokers, seeking to recover overcharges, penalties and other unauthorized charges and expenses, totalling $4,872.84, which defendants had allegedly charged and collected from plaintiffs in connection with a proposed mortgage loan in the amount of $25,000.

In order to obtain certain information relevant to the subject matter involved in this lawsuit, which was, and still is, within the exclusive knowledge and control of defendants, plaintiffs served nine written interrogatories upon defendants on January 27, 1962. On February 5, 1962, defendants filed objections to the answering of all nine of plaintiffs' interrogatories.

After a thorough examination of plaintiffs' interrogatories and defendants' objections thereto, this court determined that the information sought by plaintiffs was relevant to the subject matter involved in the case and was necessary for the plaintiffs to have in order to prepare their case for trial. Accordingly, on May 21, 1962, defendants' objections were dismissed and defendants were directed to make full and complete answers, under oath, within 20 days, to all 9 of plaintiffs' interrogatories.

Five months elapsed and defendants failed to file answers to plaintiffs' interrogatories. On October 22, 1962, plaintiffs presented a motion for sanction under Pennsylvania Rule of Civil Procedure 4019. On the said date, the court, for a second time, directed defendants to file full and complete answers to plaintiffs' interrogatories. In addition, to eliminate the necessity of requiring plaintiffs to return to court a third time if defendants continued to refuse to make answers to plaintiffs' interrogatories, the court, on October 22, 1962, signed a post-dated order, dated November 9, 1962, directing the entering of a judgment by default against defendants if they failed to file full and complete answers to all of plaintiffs' interrogatories prior to November 9, 1962. This post-dated order was signed in the presence of defendants' counsel.

Defendants failed to file answers to plaintiffs' interrogatories prior to November 9, 1962; therefore, on the said date, plaintiffs filed the post-dated order of court, thereby entering a judgment by default against defendants. Later on the same day of November 9, 1962, subsequent to the filing of said order entering a judgment by default against defendants, defendants filed answers to plaintiffs' interrogatories.

On November 27, 1962, defendants presented a petition to open the judgment entered by default, or, in the alternative, a petition to vacate the default judg-

ment. Plaintiffs opposed defendants' petitions on the grounds that the answers to interrogatories which defendants filed on November 9, 1962, were evasive, vague, argumentative and unresponsive. Not wanting to permit a default judgment to remain if defendants had filed full and complete answers to plaintiffs' interrogatories, even though tardy, the court examined defendants' answers. An inspection of defendants' answers to plaintiffs' interrogatories revealed the answers to interrogatories 1, 4, 5, 6, 7, 8 and 9, were patently evasive, vague, argumentative and almost completely unresponsive to plaintiffs' interrogatories. On November 27, 1962, defendants were informed by the court, that if they made full and complete answers to plaintiffs' interrogatories numbers 1, 4, 5, 6, 7, 8 and 9 within 10 days, defendants' petition to vacate the default judgment and petition to open the default judgment would be granted. Defendants were cautioned, however, that if they failed to file full and complete answers to said interrogatories, their two motions would be denied and the default judgment would stand. Defendants refused to make further answers to any of plaintiffs' interrogatories as requested by the court on November 27, 1962; therefore, on December 14, 1962, the court refused defendants' petition to open the default judgment and petition to vacate the default judgment.

Pennsylvania Rule of Civil Procedure 4019 provides for the imposition of penalties or sanctions if a party wilfully refuses to file answers or sufficient answers to written interrogatories under Rule 4005. In general, this rule is patterned upon prior Pennsylvania practice and Federal Rule of Civil Procedure 37. Without adequate sanctions, the procedure for depositions for discovery would be ineffectual. Under Rule 4019, any party who seeks to thwart the taking of depositions or a full and candid discovery, incurs the risk

of serious consequences which may involve, among other sanctions, an order refusing to permit the disobedient party the right to oppose designated claims or entering judgment by default. See discussion of Rule 4019 in 5 Anderson Pa. Civil Pract. 710, et seq.

Confronted with the outright refusal of defendants to answer interrogatories which this court directed to be answered, this court had two alternatives available: Either to allow defendants to defy an order of court without any adverse results, or to apply the provisions of Pa. R. C. P. 4019 (c) and impose an appropriate sanction. To permit defendants to disregard an order of court is unthinkable, as it would totally destroy the effectiveness of the discovery procedure of our courts. Obviously, then, the court was forced to take the second alternative.

Pa. R. C. P. 4019 (c) provides that when a party wilfully refuses to file sufficient answers to interrogatories, the court may make:

"(1) an order that the matters regarding which the questions were asked, or the character or description of the thing or land, or the contents of the paper, or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

"(2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated documents, things, or testimony, or from introducing evidence of physical or mental condition;

"(3) an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment of non pros, or by default against the disobedient party or party advising the disobedience;

"(4) an order imposing punishment for contempt.

except that a party may not be punished for contempt for a refusal to submit to a physical or mental examination under Rule 4010."

After reviewing the scope of plaintiffs' interrogatories in the light of the averments contained in plaintiffs' complaint, the court realized that to sanction defendants by means of either subparagraphs (1) or (2) would be totally ineffectual, due to the type of information which was in defendants' exclusive control and which this court felt plaintiffs were entitled to.

The court, therefore, applied subparagraph (3) of Rule 4019 (c), and granted the order for default judgment, and even then the court made the order conditional: to take effect only upon defendants' further refusal to answer the interrogatories before November 9, 1962.

Reluctant as this court is to enter a default judgment, conditional or otherwise, the record of plaintiffs' difficulties in obtaining discovery in this case indicated that drastic action was required. Even after granting the default judgment, defendants were given a further opportunity of making full and complete answers to those interrogatories of plaintiffs that this court determined to have been answered in an evasive, vague, argumentative and unresponsive manner. Having been given the choice of making further answers to plaintiffs' interrogatories, or having their petitions refused, defendants made their election, choosing not to make any further answers. Under these circumstances, this court felt that it had no respectable alternative but to refuse defendants' petition to open judgment entered by default and defendants' petition to vacate judgment entered by default. See Hendricks v. Alcoa Steamship Company, 32 FRD 169 (1962).